UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NNPT, LLC<br><br>　　　　Plaintiff,<br><br>vs.<br><br>HUAWEI INVESTMENT & HOLDING CO., LTD.; HUAWEI TECHNOLOGIES CO., LTD.; HUAWEI DEVICE (HONG KONG) CO., LTD.; HUAWEI DEVICE USA INC.; HUAWEI TECHNOLOGIES USA INC.; HUAWEI TECHNOLOGIES COOPERATIF U.A. AND FUTUREWEI TECHNOLOGIES, INC.<br><br>　　　　Defendants. | § § § § § § § § § § § § § § § § § | C.A. No. 2:14−cv−00677<br><br>JURY TRIAL REQUESTED |

### DEFENDANT FUTUREWEI TECHNOLOGIES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant Futurewei Technologies, Inc. ("Futurewei") hereby files its answer and defenses to Plaintiff NNPT, LLC's ("NNPT" or "Plaintiff") Complaint filed on June 9, 2014. Each of the paragraphs below corresponds to the same-numbered paragraphs in the Complaint. Futurewei denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below.  Futurewei further denies that NNPT is entitled to the requested relief or any other relief.

### THE PARTIES

1.　　　Futurewei lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in this paragraph, and therefore denies the same.

2.　　　Futurewei admits that Huawei Investment & Holding Co., Ltd.is a corporation organized and existing under the laws of the People's Republic of China with a principal place of

business at Huawei Industrial Base (Shenzhen Campus), Bantian, Longgan District, Shenzhen, 518129, China.

3. Futurewei admits that Huawei Technologies Co., Ltd. is a corporation organized and existing under the laws of the People's Republic of China with a principal place of business at Huawei Industrial Base (Shenzhen Campus), Bantian, Longgan District, Shenzhen, 518129, China. Futurewei further admits that Huawei Technologies Co., Ltd. is a subsidiary of Defendant Huawei Investment & Holding Co., Ltd.

4. Futurewei states that Defendant Huawei Device (Hong Kong) Co., Ltd. is a corporation organized and existing under the laws of Hong Kong with a principal place of business at Room 04,9/F., Tower 6, The Gateway, NO. 9 Canton Road, Tsimshatsui Kowloon, Hong Kong, and Defendant Huawei Device (Hong Kong) Co., Ltd. is a subsidiary of Huawei Device Co., Ltd.

5. Futurewei admits that Defendant Huawei Technologies Cooperatif U.A. is a corporation organized and existing under the laws of the Netherlands with a principal place of business at Karspeldfeef 4, 1101CJ Amsterdam South, Netherlands. Futurewei further admits that Defendant Huawei Technologies Cooperatif U.A.'s parents are Huawei Technologies Co., Ltd. and Hua Ying Management Co., Ltd.

6. Futurewei admits that Huawei Device USA, Inc. is a Texas corporation with its principal place of business at 5700 Tennyson Parkway, Suite 500, Plano, TX 75024, and Huawei Device USA, Inc.'s registered agent for service of process is CT Corporation System, 350 N. Saint Paul St., Suite 2900, Dallas, Texas 75201. Futurewei states that Defendant Huawei Device USA Inc. is a subsidiary of Defendant Huawei Technologies Cooperatif U.A. and denies the remaining allegations set forth in paragraph 6 of the Complaint.

7. Futurewei admits that Huawei Technologies USA, Inc. is a Texas corporation with a principal place of business at 5700 Tennyson Parkway, Suite 500, Plano, TX 75024, and Huawei Technologies USA, Inc.'s registered agent for service of process is CT Corporation System, 350 N. Saint Paul St., Suite 2900, Dallas, Texas 75201. Defendant Huawei Technologies USA Inc. is a subsidiary of Defendant Huawei Technologies Cooperatif U.A.

8. Futurewei admits that Defendant Futurewei Technologies, Inc. is a corporation organized under the laws of Texas with a principal place of business at 2300 Central Expressway, Santa Clara, CA 95050, and that it is a subsidiary of Defendant Huawei Technologies Cooperatif U.A. Defendant Futurewei Technologies Inc. my be served via its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas, 75201-3136.

## JURISDICTION

9. Futurewei admits that this action purports to arise under the patent laws of the United States, Title 35, U.S.C. § 271. Futurewei admits that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Except as specifically admitted, Futurewei lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore denies the same.

10. Futurewei does not challenge that this Court has personal jurisdiction over Futurewei in this action. Futurewei denies all remaining allegations of Paragraph 10 of the Complaint.

11. Futurewei lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in this paragraph, and therefore denies the same.

## VENUE

12. For the purpose of this action, and without waiving any defense of improper venue in connection with any other cause of action or claim, Futurewei does not contest that

venue properly lies in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b); however, Futurewei denies that this district is the most appropriate or convenient forum to exercise jurisdiction over this case. Futurewei denies that it has committed the acts of infringement alleged by NNPT in this district. Futurewei denies all remaining allegations of Paragraph 12 of the Complaint.

## BACKGROUND

13. Futurewei lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in this paragraph, and therefore denies the same.

14. Futurewei lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in this paragraph, and therefore denies the same.

15. Futurewei admits that, in 2009, Futurewei indirectly participated as a bidder for the Nortel patent portfolio and did not successfully acquire said patents. Futurewei lacks sufficient information to admit or deny the remaining allegations in paragraph 15, and therefore denies them.

16. Futurewei lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in this paragraph, and therefore denies them.

17. Futurewei admits that, on their face, Nortel Network Limited is the assignee of patents 6,578,086; 6,697,325 and 7,644,123, Nortel Networks Corporation is the assignee of patent 6,130,877 and Rockstar Consortium US LP is the assignee of patent 8,607,323. Futurewei admits that Joseph Regan and Alfred Nothaft are the inventors of patent 6,578,086, Peter Chi-Kin Lee is the inventor of patent 6,130,877, Bradley Cain is the inventor of patent 6,697,325, Peter Ashwood Smith, Hamid Ouid-Brahim, Bilel Jamoussi and Donald Fedyk are the inventors of patent 7,644,123, and Wei Yuan is the inventor of patent 8,607,323. Futurewei lacks

knowledge or information sufficient to form a belief about the truth of the facts alleged the remaining part of this paragraph, and therefore denies the same.

18. Futurewei lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in this paragraph, and therefore denies the same.

19. Futurewei lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in this paragraph, and therefore denies the same.

20. Futurewei lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in this paragraph, and therefore denies the same.

21. Futurewei lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in this paragraph, and therefore denies the same.

22. Futurewei lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in this paragraph, and therefore denies the same.

23. Futurewei admits that, in 2009, Futurewei indirectly participated as a bidder for the Nortel patent portfolio and did not successfully acquire said patents. Futurewei lacks sufficient information to admit or deny the remaining allegations in paragraph 23, and therefore denies them.

24. Futurewei lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in this paragraph, and therefore denies the same.

25. Futurewei lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in this paragraph, and therefore denies the same.

26. Futurewei lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in this paragraph, and therefore denies the same.

27. Futurewei lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in this paragraph, and therefore denies the same.

28. Futurewei lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in this paragraph, and therefore denies the same.

29. Futurewei lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in this paragraph, and therefore denies the same.

30. Futurewei admits that the entire product portfolio of Huawei Technologies Co., Ltd. includes routing and switching products and Huawei Technologies Co., Ltd has several U.S. subsidiaries, most of which are already listed as defendants in this action. Futurewei denies the remainder of this paragraph.

31. Futurewei admits that it has facilities and offices in Santa Clara, CA; Plano, TX; Chicago, IL; Bridgewater, NJ; High Point, NC. Futurewei lacks knowledge or information sufficient to acknowledge the truth of the remaining allegations of this paragraph, there denies them.

32. Futurewei states that Futurewei is mainly a research and development center, and has no product sales. Futurewei admits that, for the year ending December 31, 2013, the entire Huawei group had revenues of over $39 billion United States dollars. Futurewei denies the truth of the remaining allegations in this paragraph.

33. Futurewei lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in this paragraph, and therefore denies the same.

34. Futurewei denies the allegations of paragraph 34 of the Complaint.

35. Futurewei denies the allegations of paragraph 35 of the Complaint.

**INFRINGEMENT OF U.S. PATENT NO. 6,578,086**

36. Futurewei admits that, on its face, U.S. Patent No. 6,578,086 ("the '086 patent") is entitled "Dynamically Managing the Topology of a Data Network". Futurewei admits that, on its face, the '086 patent lists an issue date of June 10, 2003. Futurewei admits that, on its face, Joseph Regan and Alfred Nothaft are inventors of the '086 patent. Futurewei lacks sufficient information to admit or deny the remaining allegations and, therefore, denies them.

37. Futurewei denies the allegations that are directed to Futurewei. Futurewei lacks sufficient information to admit or deny the allegations in paragraph 37 as they relate to the other defendants and on that basis denies them.

38. Futurewei denies the allegations that are directed to Futurewei. Futurewei lacks sufficient information to admit or deny the allegations in paragraph 38 as they relate to the other defendants and on that basis denies them.

39. Futurewei denies the allegations that are directed to Futurewei. Futurewei lacks sufficient information to admit or deny the allegations in paragraph 39 as they relate to the other defendants and on that basis denies them.

**INFRINGEMENT OF U.S. PATENT NO. 6,130,877**

40. Futurewei admits that, on its face, U.S. Patent No. 6,130,877 ("the '877 patent") is entitled "Rate Controlled Broadcast for Activation of Entities in Large Scale Data Networks". Futurewei admits that, on its face, the '877 patent lists an issue date of October 10, 2000. Futurewei admits that, on its face, Peter Chi-Kin Lee is the inventor of the '877 patent. Futurewei lacks sufficient information to admit or deny the remaining allegations and, therefore, denies them.

41. Futurewei denies the allegations that are directed to Futurewei. Futurewei lacks sufficient information to admit or deny the allegations in paragraph 41 as they relate to the other defendants and on that basis denies them.

42. Futurewei denies the allegations that are directed to Futurewei. Futurewei lacks sufficient information to admit or deny the allegations in paragraph 42 as they relate to the other defendants and on that basis denies them.

### INFRINGEMENT OF U.S. PATENT NO. 6,697,325

43. Futurewei admits that, on its face, U.S. Patent No. 6,697,325 ("the '325 patent") is entitled "System, Device, and Method for Expediting Reconvergence in a Communication Network". Futurewei admits that, on its face, the '325 patent lists an issue date of February 24, 2004. Futurewei admits that, on its face, Bradley Cain is the inventor of the '325 patent. Futurewei lacks sufficient information to admit or deny the remaining allegations and, therefore, denies them.

44. Futurewei denies the allegations that are directed to Futurewei. Futurewei lacks sufficient information to admit or deny the allegations in paragraph 44 as they relate to the other defendants and on that basis denies them.

45. Futurewei denies the allegations that are directed to Futurewei. Futurewei lacks sufficient information to admit or deny the allegations in paragraph 45 as they relate to the other defendants and on that basis denies them.

46. Futurewei denies the allegations that are directed to Futurewei. Futurewei lacks sufficient information to admit or deny the allegations in paragraph 46 as they relate to the other defendants and on that basis denies them.

## INFRINGEMENT OF U.S. PATENT NO. 7,664,123

47. Futurewei admits that, on its face, U.S. Patent No. 7,664,123 ("the '123 patent") is entitled "Generalized Virtual Router". Futurewei admits that, on its face, the '123 patent lists an issue date of February 16, 2010. Futurewei admits that, on its face, Peter Ashwood Smith, Hamid Ouid-Brahim, Bilel Jamoussi and Donald Fedyk are inventors of the '123 patent. Futurewei lacks sufficient information to admit or deny the remaining allegations and, therefore, denies them.

48. Futurewei denies the allegations that are directed to Futurewei. Futurewei lacks sufficient information to admit or deny the allegations in paragraph 48 as they relate to the other defendants and on that basis denies them.

49. Futurewei denies the allegations that are directed to Futurewei. Futurewei lacks sufficient information to admit or deny the allegations in paragraph 49 as they relate to the other defendants and on that basis denies them.

50. Futurewei denies the allegations that are directed to Futurewei. Futurewei lacks sufficient information to admit or deny the allegations in paragraph 50 as they relate to the other defendants and on that basis denies them.

## INFRINGEMENT OF U.S. PATENT NO. 8,607,323

51. Futurewei admits that, on its face, U.S. Patent NO. 8,607,323 ("the '323 patent") is entitled "Method for Providing Media Communication Across Firewalls". Futurewei admits that, on its face, the '323 patent lists an issue date of December 10, 2013. Futurewei admits that, on its face, Wei Yuan is the inventor of the '323 patent. Futurewei lacks sufficient information to admit or deny the remaining allegations and, therefore, denies them.

52.     Futurewei denies the allegations that are directed to Futurewei. Futurewei lacks sufficient information to admit or deny the allegations in paragraph 52 as they relate to the other defendants and on that basis denies them.

53.     Futurewei denies the allegations that are directed to Futurewei. Futurewei lacks sufficient information to admit or deny the allegations in paragraph 53 as they relate to the other defendants and on that basis denies them.

54.     Futurewei denies the allegations that are directed to Futurewei. Futurewei lacks sufficient information to admit or deny the allegations in paragraph 54 as they relate to the other defendants and on that basis denies them.

## PLAINTIFF'S PRAYER FOR RELIEF

Futurewei denies that it infringes or has infringed (willfully or otherwise) any valid claim of the '086, '877, '325, '123, and '323 patents. Futurewei further denies that NNPT is entitled to any relief at all or any of the relief sought in its prayer for relief.

## GENERAL DENIAL

Futurewei denies each and every allegation contained in the Complaint to which Futurewei has not explicitly responded or which Futurewei has not expressly admitted.

## AFFIRMATIVE DEFENSES

Futurewei alleges and asserts the following defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Futurewei reserves the right to amend its Answer, including asserting additional defenses and counterclaims once discovery progresses. In addition, Futurewei alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

**(Non-infringement)**

55. Futurewei does not and has not infringed, literally or under the doctrine of equivalents, directly, contributorily, by inducement, or jointly, any valid and enforceable claim of the United States Patent Nos. 6,578,086; 6,130,877; 6,697,325; 7,664,123; and 8,607,323 (collectively, the "Asserted Patents"), willfully or otherwise. Further, to the extent NNPT asserts that Futurewei indirectly infringes, either by contributory infringement or inducement of infringement, Futurewei is not liable to NNPT for the acts alleged to have been performed before Futurewei allegedly knew that its actions would cause indirect infringement of the Asserted Patents.

**SECOND AFFIRMATIVE DEFENSE**

**(Invalidity)**

56. Upon information and belief, one or more claims of the Asserted Patents are invalid because they fail to satisfy one or more conditions for patentability set forth in 35 U.S.C. § 101 *et seq.*, including but not limited to sections 102, 103, and/or 112, and the applicable provisions of Title 37 of the Code of Federal Regulations.

**THIRD AFFIRMATIVE DEFENSE**

**(Prosecution History Estoppel)**

57. NNPT is estopped from construing the claims of the Asserted Patents to cover or include, either literally, or by application of the doctrine of equivalents, devices manufactured, used, imported, sold, or offered for sale by Futurewei or methods used by Futurewei because of admissions or statements to the United States Patent and Trademark Office (USPTO) during prosecution of the application leading to the issuance of the Asserted Patents or applications related thereto, because of disclosures or language in the specification of the Asserted Patents, and/or limitations in the claims of the Asserted Patents.

**FOURTH AFFIRMATIVE DEFENSE**

**(Limitations on Recovery)**

58.     NNPT's claims for damages are limited by 35 U.S.C. §§ 286 and/or 287.

**FIFTH AFFIRMATIVE DEFENSE**

**(Barring of Claims for Injunctive Relief)**

59.     NNPT is not entitled to injunctive relief against Futurewei because NNPT has an adequate remedy at law. On information and belief, NNPT is not competing with Futurewei and is not practicing the alleged invention of the Asserted Patents.

**SIXTH AFFIRMATIVE DEFENSE**

**(License and/or Exhaustion)**

60.     To the extent that NNPT's accusations of infringement relate to products or services that were provided by or for any licensee of the Asserted Patents and/or provided to Futurewei by or through a licensee of the Asserted Patents or under a covenant not to sue, NNPT's claims are barred, in whole or in part.

**SIX AFFIRMATIVE DEFENSE**

**(Reservation of Rights)**

61.     Futurewei reserves the right to add any additional defenses or counterclaims which may now exist or in the future may be available based on discovery and further factual investigation in this case, including doctrine of acquiescence, laches, patent misuse, inequitable conduct, waiver, unclean hands and/or other applicable equitable doctrines.

**DEMAND FOR JURY TRIAL**

Futurewei hereby demands a trial by jury of all issues so triable in this action.

**PRAYER FOR RELIEF**

WHEREFORE, Futurewei prays for the following relief:

  A. That NNPT's claims against Futurewei be dismissed with prejudice and that NNPT take nothing by way of its Complaint;

  B. That Futurewei has not infringed, and is not infringing, any valid and enforceable claim of the '086 patent;

  C. That the claims of the '086 patent are invalid;

  D. That Futurewei has not infringed, and is not infringing, any valid and enforceable claim of the '877 patent;

  E. That the claims of the '877 patent are invalid;

  F. That Futurewei has not infringed, and is not infringing, any valid and enforceable claim of the '325 patent;

  G. That the claims of the '325 patent are invalid;

  H. That Futurewei has not infringed, and is not infringing, any valid and enforceable claim of the '123 patent;

  I. That the claims of the '123 patent are invalid;

  J. That Futurewei has not infringed, and is not infringing, any valid and enforceable claim of the '323 patent;

  K. That the claims of the '323 patent are invalid;

  L. That judgment be rendered in favor of Futurewei;

  M. For an order finding this case exceptional pursuant to 35 U.S.C. § 285 and awarding Futurewei its reasonable attorneys fees;

  N. That Futurewei be awarded its costs of suit incurred in this action; and

  O. For such other and further relief as the Court deems just and proper.

Dated: September 8, 2014          Respectfully submitted,

*/s/ K.D. Shull*
K.D. Shull
Texas Bar No. 24033067
Huawei Technologies USA Inc.
5700 Tennyson Parkway, Suite 500
Plano, TX 75024
Telephone: 214-919-6001
E-mail: kd.shull@huawei.com

**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 8th day of September, 2014.

*/s/ K.D. Shull*
K.D. Shull