UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NNPT, LLC | § § § | |
| Plaintiff, | § § | C.A. No. 2:14−cv−00677 |
| vs. | § § | |
| HUAWEI INVESTMENT & HOLDING CO., LTD.; HUAWEI TECHNOLOGIES CO., LTD.; HUAWEI DEVICE (HONG KONG) CO., LTD.; HUAWEI DEVICE USA INC.; HUAWEI TECHNOLOGIES USA INC.; HUAWEI TECHNOLOGIES COOPERATIEF U.A. AND FUTUREWEI TECHNOLOGIES, INC. | § § § § § § § § § | JURY TRIAL REQUESTED |
| Defendants. | § § | |

## DEFENDANT HAUWEI TECHNOLOGIES CO., LTD.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant Huawei Technologies Co., Ltd. ("Huawei Technologies") hereby files its answer and defenses to Plaintiff NNPT, LLC's ("NNPT" or "Plaintiff") Complaint filed on June 9, 2014. Each of the paragraphs below corresponds to the same-numbered paragraphs in the Complaint. Huawei Technologies denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below. Huawei Technologies further denies that NNPT is entitled to the requested relief or any other relief.

### THE PARTIES

1. Huawei Technologies lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in this paragraph, and therefore denies the same.

2. Huawei Technologies admits that Huawei Investment & Holding Co., Ltd.is a corporation organized and existing under the laws of the People's Republic of China with a

principal place of business at Huawei Industrial Base (Shenzhen Campus), Bantian, Longgan District, Shenzhen, 518129, China.

3. Huawei Technologies admits that Huawei Technologies Co., Ltd. is a corporation organized and existing under the laws of the People's Republic of China with a principal place of business at Huawei Industrial Base (Shenzhen Campus), Bantian, Longgan District, Shenzhen, 518129, China. Huawei Technologies further admits that Huawei Technologies Co., Ltd. is a subsidiary of Defendant Huawei Investment & Holding Co., Ltd.

4. Huawei Technologies states that Defendant Huawei Device (Hong Kong) Co., Ltd. is a corporation organized and existing under the laws of Hong Kong with a principal place of business at Room 04,9/F., Tower 6, The Gateway, NO. 9 Canton Road, Tsimshatsui Kowloon, Hong Kong, and defendant Huawei Device (Hong Kong) Co., Ltd. is a subsidiary of Huawei Device Co., Ltd.

5. Huawei Technologies admits that Defendant Huawei Technologies Cooperatif U.A. is a corporation organized and existing under the laws of the Netherlands with a principal place of business at Karspeldfeef 4, 1101CJ Amsterdam South, Netherlands. Huawei Technologies further admits that Defendant Huawei Technologies Cooperatif U.A.'s parents are Huawei Technologies Co., Ltd. and Hua Ying Management Co., Ltd.

6. Huawei Technologies admits that Huawei Device USA, Inc. is a Texas corporation with its principal place of business at 5700 Tennyson Parkway, Suite 500, Plano, TX 75024, and Huawei Device USA, Inc.'s registered agent for service of process is CT Corporation System, 350 N. Saint Paul St., Suite 2900, Dallas, Texas 75201. Huawei Technologies states that Defendant Huawei Device USA Inc. is a subsidiary of Defendant Huawei Technologies Cooperatif U.A. and denies the remaining allegations set forth in paragraph 6 of the Complaint.

7. Huawei Technologies admits that Huawei Technologies USA, Inc. is a Texas corporation with a principal place of business at 5700 Tennyson Parkway, Suite 500, Plano, TX 75024, and Huawei Technologies USA, Inc.'s registered agent for service of process is CT Corporation System, 350 N. Saint Paul St., Suite 2900, Dallas, Texas 75201. Defendant Huawei Technologies USA Inc. is a subsidiary of Defendant Huawei Technologies Cooperatif U.A.

8. Huawei Technologies admits that Defendant Futurewei Technologies Inc. is a corporation organized under the laws of Texas with a principal place of business at 2300 Central Expressway, Santa Clara, CA 95050, and that it is a subsidiary of Defendant Huawei Technologies Cooperatif U.A. Defendant Futurewei Technologies Inc. my be served via its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas, 75201-3136.

## JURISDICTION

9. Huawei Technologies admits that this action purports to arise under the patent laws of the United States, Title 35, U.S.C. § 271. Huawei Technologies admits that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Except as specifically admitted, Huawei Technologies lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore denies the same.

10. Huawei Technologies does not challenge that this Court has personal jurisdiction over Huawei Technologies in this action. Huawei Technologies denies all remaining allegations of Paragraph 10 of the Complaint.

11. Huawei Technologies lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in this paragraph, and therefore denies the same.

**VENUE**

12. For the purpose of this action, and without waiving any defense of improper venue in connection with any other cause of action or claim, Huawei Technologies does not contest that venue properly lies in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b); however, Huawei Technologies denies that this district is the most appropriate or convenient forum to exercise jurisdiction over this case. Huawei Technologies denies that it has committed the acts of infringement alleged by NNPT in this district. Huawei Technologies denies all remaining allegations of Paragraph 12 of the Complaint.

**BACKGROUND**

13. Huawei Technologies lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in this paragraph, and therefore denies the same.

14. Huawei Technologies lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in this paragraph, and therefore denies the same.

15. Huawei Technologies admits that, in 2009, Huawei Technologies indirectly participated as a bidder for the Nortel patent portfolio and did not successfully acquire said patents. Huawei Technologies lacks sufficient information to admit or deny the remaining allegations in paragraph 15, and therefore denies them.

16. Huawei Technologies lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in this paragraph, and therefore denies the same.

17. Futurwei admits that, on their face, Nortel Network Limited is the assignee of patents 6,578,086; 6,697,325 and 7,644,123, Nortel Networks Corporation is the assignee of patent 6,130,877 and Rockstar Consortium US LP is the assignee of patent 8,607,323. Huawei Technologies admits that Joseph Regan and Alfred Nothaft are the inventors of patent 6,578,086, Peter Chi-Kin Lee is the inventor of patent 6,130,877, Bradley Cain is the inventor of patent

6,697,325, Peter Ashwood Smith, Hamid Ouid-Brahim, Bilel Jamoussi and Donald Fedyk are the inventors of patent 7,644,123, and Wei Yuan is the inventor of patent 8,607,323. Huawei Technologies lacks knowledge or information sufficient to form a belief about the truth of the facts alleged the remaing part of this paragraph, and therefore denies the same.

18. Huawei Technologies lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in this paragraph, and therefore denies the same.

19. Huawei Technologies lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in this paragraph, and therefore denies the same.

20. Huawei Technologies lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in this paragraph, and therefore denies the same.

21. Huawei Technologies lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in this paragraph, and therefore denies the same.

22. Huawei Technologies lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in this paragraph, and therefore denies the same.

23. Huawei Technologies admits that, in 2009, Huawei Technologies indirectly participated as a bidder for the Nortel patent portfolio and did not successfully acquire said patents. Huawei Technologies lacks sufficient information to admit or deny the remaining allegations in paragraph 15, and therefore denies them.

24. Huawei Technologies lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in this paragraph, and therefore denies the same.

25. Huawei Technologies lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in this paragraph, and therefore denies the same.

26. Huawei Technologies lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in this paragraph, and therefore denies the same.

27. Huawei Technologies lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in this paragraph, and therefore denies the same.

28. Huawei Technologies lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in this paragraph, and therefore denies the same.

29. Huawei Technologies lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in this paragraph, and therefore denies the same.

30. Huawei Technologies admits that the entire product portfolio of Huawei Technologies Co., Ltd include routing and switching products and Huawei Technologies Co., Ltd has several U.S. subsidiaries, most of which are already listed as defendants in this action. Huawei Technologies denies the remaining part of this paragraph.

31. Huawei Technologies admits that Futurewei has facilities and offices in Santa Clara, CA; Plano, TX; Chicago, IL; Bridgewater, NJ; High Point, NC; Louisville, CO, Huawei Device USA has facilities and offices in Plano, TX; Atlanta, GA; Bridgewater, NJ; Overland Park, KS; San Diego, CA; Seattle, WA, and Huawei Technologies USA, Inc. has facilities and offices in Plano, TX; Bridgewater, NJ; Broomfield, CO; Philadelphia, PA; Seattle, WA;. Huawei Technologies denies the remaining part of this paragraph.

32. Huawei Technologies admits that, for the year ending December 31, 2013, the entire Huawei group had revenues of over $39 billion United States dollars. Huawei Technologies denies the truth of the remaining allegations in this paragraph.

33. Huawei Technologies lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in this paragraph, and therefore denies the same.

34. Huawei Technologies denies the allegations of paragraph 34 of the Complaint.

35. Huawei Technologies denies the allegations of paragraph 35 of the Complaint.

**INFRINGEMENT OF U.S. PATENT NO. 6,578,086**

36. Huawei Technologies admits that, on its face, U.S. Patent No. 6,578,086 ("the '086 patent") is entitled "Dynamically Managing the Topology of a Data Network". Huawei Technologies admits that, on its face, the '086 patent lists an issue date of June 10, 2003. Huawei Technologies admits that, on its face, Joseph Regan and Alfred Nothaft are inventors of the '086 patent. Huawei Technologies lacks sufficient information to admit or deny the remaining allegations and, therefore, denies them.

37. Huawei Technologies denies the allegations that are directed to Huawei Technologies. Huawei Technologies lacks sufficient information to admit or deny the allegations in paragraph 37 as they relate to the other defendants and on that basis denies them.

38. Huawei Technologies denies the allegations that are directed to Huawei Technologies. Huawei Technologies lacks sufficient information to admit or deny the allegations in paragraph 38 as they relate to the other defendants and on that basis denies them.

39. Huawei Technologies denies the allegations that are directed to Huawei Technologies. Huawei Technologies lacks sufficient information to admit or deny the allegations in paragraph 39 as they relate to the other defendants and on that basis denies them.

**INFRINGEMENT OF U.S. PATENT NO. 6,130,877**

40. Huawei Technologies admits that, on its face, U.S. Patent No. 6,130,877 ("the '877 patent") is entitled "Rate Controlled Broadcast for Activation of Entities in Large Scale Data Networks". Huawei Technologies admits that, on its face, the '877 patent lists an issue date of October 10, 2000. Huawei Technologies admits that, on its face, Peter Chi-Kin Lee is the

inventor of the '877 patent. Huawei Technologies lacks sufficient information to admit or deny the remaining allegations and, therefore, denies them.

41. Huawei Technologies denies the allegations that are directed to Huawei Technologies. Huawei Technologies lacks sufficient information to admit or deny the allegations in paragraph 41 as they relate to the other defendants and on that basis denies them.

42. Huawei Technologies denies the allegations that are directed to Huawei Technologies. Huawei Technologies lacks sufficient information to admit or deny the allegations in paragraph 42 as they relate to the other defendants and on that basis denies them.

## INFRINGEMENT OF U.S. PATENT NO. 6,697,325

43. Huawei Technologies admits that, on its face, U.S. Patent No. 6,697,325 ("the '325 patent") is entitled "System, Device, and Method for Expediting Reconvergence in a Communication Network". Huawei Technologies admits that, on its face, the '325 patent lists an issue date of February 24, 2004. Huawei Technologies admits that, on its face, Bradley Cain is the inventor of the '325 patent. Huawei Technologies lacks sufficient information to admit or deny the remaining allegations and, therefore, denies them.

44. Huawei Technologies denies the allegations that are directed to Huawei Technologies. Huawei Technologies lacks sufficient information to admit or deny the allegations in paragraph 44 as they relate to the other defendants and on that basis denies them.

45. Huawei Technologies denies the allegations that are directed to Huawei Technologies. Huawei Technologies lacks sufficient information to admit or deny the allegations in paragraph 45 as they relate to the other defendants and on that basis denies them.

46. Huawei Technologies denies the allegations that are directed to Huawei Technologies. Huawei Technologies lacks sufficient information to admit or deny the allegations in paragraph 46 as they relate to the other defendants and on that basis denies them.

## INFRINGEMENT OF U.S. PATENT NO. 7,664,123

47. Huawei Technologies admits that, on its face, U.S. Patent No. 7,664,123 ("the '123 patent") is entitled "Generalized Virtual Router". Huawei Technologies admits that, on its face, the '123patent lists an issue date of February 16, 2010. Huawei Technologies admits that, on its face, Peter Ashwood Smith, Hamid Ouid-Brahim, Bilel Jamoussi and Donald Fedyk are inventors of the '123 patent. Huawei Technologies lacks sufficient information to admit or deny the remaining allegations and, therefore, denies them.

48. Huawei Technologies denies the allegations that are directed to Huawei Technologies. Huawei Technologies lacks sufficient information to admit or deny the allegations in paragraph 48 as they relate to the other defendants and on that basis denies them.

49. Huawei Technologies denies the allegations that are directed to Huawei Technologies. Huawei Technologies lacks sufficient information to admit or deny the allegations in paragraph 49 as they relate to the other defendants and on that basis denies them.

50. Huawei Technologies denies the allegations that are directed to Huawei Technologies. Huawei Technologies lacks sufficient information to admit or deny the allegations in paragraph 50 as they relate to the other defendants and on that basis denies them.

## INFRINGEMENT OF U.S. PATENT NO. 8,607,323

51. Huawei Technologies admits that, on its face, U.S. Patent NO. 8,607,323 ("the '323 patent") is entitled "Method for Providing Media Communication Across Firewalls". Huawei Technologies admits that, on its face, the '323 patent lists an issue date of December 10, 2013. Huawei Technologies admits that, on its face, Wei Yuan is the inventor of the '323 patent. Huawei Technologies lacks sufficient information to admit or deny the remaining allegations and, therefore, denies them.

52. Huawei Technologies denies the allegations that are directed to Huawei Technologies. Huawei Technologies lacks sufficient information to admit or deny the allegations in paragraph 52 as they relate to the other defendants and on that basis denies them.

53. Huawei Technologies denies the allegations that are directed to Huawei Technologies. Huawei Technologies lacks sufficient information to admit or deny the allegations in paragraph 53 as they relate to the other defendants and on that basis denies them.

54. Huawei Technologies denies the allegations that are directed to Huawei Technologies. Huawei Technologies lacks sufficient information to admit or deny the allegations in paragraph 54 as they relate to the other defendants and on that basis denies them.

## PLAINTIFF'S PRAYER FOR RELIEF

Huawei Technologies denies that it infringes or has infringed (willfully or otherwise) any valid claim of the '086, '877, '325, '123, and '323 patents. Huawei Technologies further denies that NNPT is entitled to any relief at all or any of the relief sought in its prayer for relief.

## GENERAL DENIAL

Huawei Technologies denies each and every allegation contained in the Complaint to which Huawei Technologies has not explicitly responded or which Huawei Technologies has not expressly admitted.

## AFFIRMATIVE DEFENSES

Huawei Technologies alleges and asserts the following defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Huawei Technologies reserves the right to amend its Answer, including asserting additional defenses and counterclaims once discovery progresses. In addition, Huawei Technologies alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Non-infringement)

55. Huawei Technologies does not and has not infringed, literally or under the doctrine of equivalents, directly, contributorily, by inducement, or jointly, any valid and enforceable claim of the United States Patent Nos. 6,578,086; 6,130,877; 6,697,325; 7,664,123; and 8,607,323 (collectively, the "Asserted Patents"), willfully or otherwise. Further, to the extent NNPT asserts that Huawei Technologies indirectly infringes, either by contributory infringement or inducement of infringement, Huawei Technologies is not liable to NNPT for the acts alleged to have been performed before Huawei Technologies allegedly knew that its actions would cause indirect infringement of the Asserted Patents.

## SECOND AFFIRMATIVE DEFENSE

### (Invalidity)

56. Upon information and belief, one or more claims of the Asserted Patents are invalid because they fail to satisfy one or more conditions for patentability set forth in 35 U.S.C. § 101 *et seq.*, including but not limited to sections 102, 103, and/or 112, and the applicable provisions of Title 37 of the Code of Federal Regulations.

## THIRD AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

57. NNPT is estopped from construing the claims of the Asserted Patents to cover or include, either literally, or by application of the doctrine of equivalents, devices manufactured, used, imported, sold, or offered for sale by Huawei Technologies or methods used by Huawei Technologies because of admissions or statements to the United States Patent and Trademark Office (USPTO) during prosecution of the application leading to the issuance of the Asserted

Patents or applications related thereto, because of disclosures or language in the specification of the Asserted Patents, and/or limitations in the claims of the Asserted Patents.

**FOURTH AFFIRMATIVE DEFENSE**

**(Limitations on Recovery)**

58. NNPT's claims for damages are limited by 35 U.S.C. §§ 286 and/or 287.

**FIFTH AFFIRMATIVE DEFENSE**

**(Barring of Claims for Injunctive Relief)**

59. NNPT is not entitled to injunctive relief against Huawei Technologies because NNPT has an adequate remedy at law. On information and belief, NNPT is not competing with Huawei Technologies and is not practicing the alleged invention of the Asserted Patents.

**SIXTH AFFIRMATIVE DEFENSE**

**(License and/or Exhaustion)**

60. To the extent that NNPT's accusations of infringement relate to products or services that were provided by or for any licensee of the Asserted Patents and/or provided to Huawei Technologies by or through a licensee of the Asserted Patents or under a covenant not to sue, NNPT's claims are barred, in whole or in part.

**SIX AFFIRMATIVE DEFENSE**

**(Reservation of Rights)**

61. Huawei Technologies reserves the right to add any additional defenses or counterclaims which may now exist or in the future may be available based on discovery and further factual investigation in this case, including doctrine of acquiescence, laches, patent misuse, inequitable conduct, waiver, unclean hands and/or other applicable equitable doctrines.

**DEMAND FOR JURY TRIAL**

Huawei Technologies hereby demands a trial by jury of all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Huawei Technologies prays for the following relief:

A.      That NNPT's claims against Huawei Technologies be dismissed with prejudice and that NNPT take nothing by way of its Complaint;

B.      That Huawei Technologies has not infringed, and is not infringing, any valid and enforceable claim of the '086 patent;

C.      That the claims of the '086 patent are invalid;

D.      That Huawei Technologies has not infringed, and is not infringing, any valid and enforceable claim of the '877 patent;

E.      That the claims of the '877 patent are invalid;

F.      That Huawei Technologies has not infringed, and is not infringing, any valid and enforceable claim of the '325 patent;

G.      That the claims of the '325 patent are invalid;

H.      That Huawei Technologies has not infringed, and is not infringing, any valid and enforceable claim of the '123 patent;

I.      That the claims of the '123 patent are invalid;

J.      That Huawei Technologies has not infringed, and is not infringing, any valid and enforceable claim of the '323 patent;

K.      That the claims of the '323 patent are invalid;

L.      That judgment be rendered in favor of Huawei Technologies;

M.      For an order finding this case exceptional pursuant to 35 U.S.C. § 285 and awarding Huawei Technologies its reasonable attorneys fees;

N.      That Huawei Technologies be awarded its costs of suit incurred in this action; and

O.      For such other and further relief as the Court deems just and proper.

Dated: September 8, 2014                              Respectfully submitted,

                                                     */s/ K.D. Shull*
                                                     K.D. Shull
                                                     Texas Bar No. 24033067
                                                     Huawei Technologies USA Inc.
                                                     5700 Tennyson Parkway, Suite 500
                                                     Plano, TX 75024
                                                     Telephone: 214-919-6001
                                                     E-mail: kd.shull@huawei.com

                                                     **ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 8th day of September, 2014.

                                                     */s/ K.D. Shull*
                                                     K.D. Shull