
# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **NNPT, LLC** § | |
|     **Plaintiff,** § | |
| § | |
| v. § | |
| § | Civil Action No. 2:14-cv-677 |
| **HUAWEI INVESTMENT & HOLDING CO.,** § | |
| **LTD.; HUAWEI TECHNOLOGIES CO.,** § | **JURY TRIAL DEMANDED** |
| **LTD.; HUAWEI DEVICE (HONG KONG)** § | |
| **CO., LTD.; HUAWEI DEVICE USA INC.;** § | |
| **HUAWEI TECHNOLOGIES USA INC.;** § | |
| **HUAWEI TECHNOLOGIES** § | |
| **COOPERATIF U.A. and FUTUREWEI** § | |
| **TECHNOLOGIES, INC.** § | |
| § | |
|     **Defendants.** | |

_____

## PLAINTIFF NNPT, LLC'S RESPONSE TO DEFENDANT
## HUAWEI TECHNOLOGIES USA INC.'S COUNTERCLAIMS

Plaintiff NNPT, LLC ("NNPT") in the posture of Counterclaim-Defendant, hereby answers the counterclaims of Defendant Huawei Technologies USA, Inc. ("Defendant"), filed on September 8, 2014, by corresponding paragraph number as follows:

### PARTIES

1. On information and belief, Plaintiff admits that Huawei Technologies USA is a Texas corporation with its principal place of business at 5700 Tennyson Parkway, Suite 500, Plano, TX 75024.

2. Admitted.

### JURISDICTION AND VENUE

3. Plaintiff admits that this Court has jurisdiction over Defendant's Counterclaims to the extent they arise under the Declaratory Judgment Act and the Patent Laws of the United States. Plaintiff denies that Defendant is entitled to any such relief.

4. Plaintiff admits that this Court has personal jurisdiction over NNPT with respect to these counterclaims and that NNPT asserts that Defendant infringes U.S. Patent Nos. 6,578,086; 6,130,877; 6,697,325; 7,664,123; and 8,607,323 ("the '086, '877, '325, '123, and '323 patents," respectively, or collectively "the patents"). Plaintiff denies the remaining allegations of paragraph 4.

5. Plaintiff admits that venue as to these counterclaims is proper, that this Court has personal jurisdiction over NNPT with respect to these counterclaims, and that the facts and circumstances alleged in the counterclaims are related to the facts and circumstances alleged in the Complaint filed by NNPT. Plaintiff denies the remaining allegations of paragraph 4.

6. Plaintiff admits that Defendant has denied NNPT's claims of infringement, but denies that Defendant's contention has any merit.

7. Plaintiff admits that an actual controversy exists between NNPT and Defendants with respect to infringement and validity of the Patents-in-Suit. Plaintiff denies the remaining allegations of paragraph 7.

## COUNTERCLAIM I

8. Plaintiff incorporates by reference its responses to the allegations of paragraphs 1-7 above as if fully set forth herein.

9. Admitted.

10. Admitted.

11. Plaintiff admits that Defendant has denied NNPT's claims of infringement of the '086 patent, but denies that Defendant's contention has any merit.

12. Plaintiff admits that it has alleged infringement of the '086 patent by Defendant. Plaintiff admits that an actual and justiciable controversy exists between Plaintiff and Defendant concerning the '086 patent. Plaintiff denies the remaining allegations of paragraph 12.

13. Denied.

## COUNTERCLAIM II

14. Plaintiff incorporates by reference its responses to the allegations of paragraphs 1-13 above as if fully set forth herein.

15. Plaintiff admits that Defendant has denied that the '086 patent is valid and has asserted that it is invalid, but denies that Defendant's contentions have any merit.

16. Plaintiff denies that Huawei Device USA has asserted counterclaims or is a part to these counterclaims. To the extent that the Defendant Huawei Technologies USA Inc.'s is asserting allegations in paragraph 16 of its Answer filed September 8, 2014, Plaintiff admits that this Defendant has alleged invalidity of the '086 patent. Plaintiff admits that an actual and justiciable controversy exists between Plaintiff and Defendant concerning the '086 patent. Plaintiff denies the remaining allegations of paragraph 16.

17. Denied.

## COUNTERCLAIM III

1. Plaintiff incorporates by reference its responses to the allegations of all of the above paragraphs above as if fully set forth herein.

2. Admitted.

3. Admitted.

4. Plaintiff admits that Defendant has denied NNPT's claims of infringement of the '877 patent, but denies that Defendant's contention has any merit.

5. Plaintiff admits that it has alleged infringement of the '877 patent by Defendant. Plaintiff admits that an actual and justiciable controversy exists between Plaintiff and Defendant concerning the '877 patent. Plaintiff denies the remaining allegations of paragraph 5.

6. Denied.

## COUNTERCLAIM IV

7. Plaintiff incorporates by reference its responses to the allegations of all paragraphs above as if fully set forth herein.

8. Plaintiff admits that Defendant has denied that the '877 patent is valid and has asserted that it is invalid, but denies that Defendant's contentions have any merit.

9. Plaintiff denies that Huawei Device USA has asserted counterclaims or is a part to these counterclaims. To the extent that the Defendant Huawei Technologies USA Inc. is asserting allegations in paragraph 9 of its Answer filed September 8, 2014, Plaintiff admits that this Defendant has alleged invalidity of the '877 patent. Plaintiff admits that an actual and justiciable controversy exists between Plaintiff and Defendant concerning the '877 patent. Plaintiff denies the remaining allegations of paragraph 9.

10. Denied.

## COUNTERCLAIM V

1. Plaintiff incorporates by reference its responses to the allegations of all paragraphs above as if fully set forth herein.

2. Admitted.

3. Admitted.

4. Plaintiff admits that Defendant has denied NNPT's claims of infringement of the '325 patent, but denies that Defendant's contention has any merit.

5. Plaintiff admits that it has alleged infringement of the '325 patent by Defendant. Plaintiff admits that an actual and justiciable controversy exists between Plaintiff and Defendant concerning the '325 patent. Plaintiff denies the remaining allegations of paragraph 5.

6. Denied.

## COUNTERCLAIM VI

7.	Plaintiff incorporates by reference its responses to the allegations of all paragraphs above as if fully set forth herein.

8.	Plaintiff admits that Defendant has denied that the '325 patent is valid and has asserted that it is invalid, but denies that Defendant's contentions have any merit.

9.	Plaintiff denies that Huawei Device USA has asserted counterclaims or is a part to these counterclaims.  To the extent that the Defendant Huawei Technologies USA Inc. is asserting allegations in paragraph 9 of its Answer filed September 8, 2014, Plaintiff admits that it has alleged invalidity of the '325 patent.  Plaintiff admits that an actual and justiciable controversy exists between Plaintiff and Defendant concerning the '325 patent.  Plaintiff denies the remaining allegations of paragraph 9.

10.	Denied.

## COUNTERCLAIM VII

1.	Plaintiff incorporates by reference its responses to the allegations of all paragraphs above as if fully set forth herein.

2.	Admitted.

3.	Admitted.

4.	Plaintiff admits that Defendant has denied NNPT's claims of infringement of the '123 patent, but denies that Defendant's contention has any merit.

5.	Plaintiff admits that it has alleged infringement of the '123 patent by Defendant.  Plaintiff admits that an actual and justiciable controversy exists between Plaintiff and Defendant concerning the '123 patent.  Plaintiff denies the remaining allegations of paragraph 5.

6.	Denied.

## COUNTERCLAIM VIII

7. Plaintiff incorporates by reference its responses to the allegations of all paragraphs above as if fully set forth herein.

8. Plaintiff admits that Defendant has denied that the '123 patent is valid and has asserted that it is invalid, but denies that Defendant's contentions have any merit.

9. Plaintiff denies that Huawei Device USA has asserted counterclaims or is a part to these counterclaims. To the extent that the Defendant Huawei Technologies USA Inc. is asserting allegations in paragraph 9 of its Answer filed September 8, 2014, Plaintiff admits that it has alleged invalidity of the '123 patent. Plaintiff admits that an actual and justiciable controversy exists between Plaintiff and Defendant concerning the '123 patent. Plaintiff denies the remaining allegations of paragraph 9.

10. Denied.

## COUNTERCLAIM IX

1. Plaintiff incorporates by reference its responses to the allegations of all paragraphs above as if fully set forth herein.

2. Admitted.

3. Admitted.

4. Plaintiff admits that Defendant has denied NNPT's claims of infringement of the '323 patent, but denies that Defendant's contention has any merit.

5. Plaintiff admits that it has alleged infringement of the '323 patent by Defendant. Plaintiff admits that an actual and justiciable controversy exists between Plaintiff and Defendant concerning the '323 patent. Plaintiff denies the remaining allegations of paragraph 5.

6. Denied.

## COUNTERCLAIM X

7. Plaintiff incorporates by reference its responses to the allegations of all paragraphs above as if fully set forth herein.

8. Plaintiff admits that Defendant has denied that the '323 patent is valid and has asserted that it is invalid, but denies that Defendant's contentions have any merit.

9. Plaintiff denies that Huawei Device USA has asserted counterclaims or is a part to these counterclaims. To the extent that the Defendant Huawei Technologies USA Inc. is asserting allegations in paragraph 9 of its Answer filed September 8, 2014, Plaintiff admits that it has alleged invalidity of the '323 patent. Plaintiff admits that an actual and justiciable controversy exists between Plaintiff and Defendant concerning the '323 patent. Plaintiff denies the remaining allegations of paragraph 9.

10. Denied.

## DEMAND FOR JURY TRIAL

Admitted.

## DEFENDANT'S PRAYER FOR RELIEF

Plaintiff denies that the Defendant is entitled to any of the relief requested.

## PRAYER FOR RELIEF

WHEREFORE, NNPT respectfully prays that this Court grant the following relief:

(a) Enter judgment that Defendants are not entitled to any of the relief requested in their Answer and Counterclaims;

(b) Enter judgment in favor of NNPT, and against Defendants on all claims;

(c) Find that this is an exceptional case under 35 U.S.C. § 285 and award NNPT its reasonable attorney fees and costs; and

(d) Award NNPT any and all other relief that the Court deems just and proper.

Date: October 8, 2014

Respectfully submitted**:**

By: */s/ Barry Golob by permission T. John Ward, Jr.*
Barry Golob – LEAD ATTORNEY
Kerry B. McTigue
Donald R. McPhail
**COZEN O'CONNOR**
The Army and Navy Building
1627 I Street, NW, Suite 1100
Washington, D.C. 20006
Tel: (202) 912-4800
Fax: (202) 861-1905
Email: bgolob@cozen.com
Email: kmctigue@cozen.com
Email: dmcphail@cozen.com

T. John Ward, Jr.
Texas State Bar No. 00794818
Email: jw@jwfirm.com
Claire Abernathy Henry
State Bar No. 24053063
Email: claire@wsfirm.com
**WARD & SMITH LAW FIRM**
P.O. Box 1231
1127 Judson Road, Suite 220
Longview, Texas 75601
Tel: (903) 757-6400
Fax: (903) 757-2323

*Attorneys for Plaintiff NNTP, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this the 8th day of October, 2014.

/s/ *T. John Ward, Jr.*
T. John Ward, Jr.